UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BROADCAST MUSIC, INC., MISTER SUNSHINE MUSIC, INC., LLEE CORPORATION, WELSH WITCH MUSIC, CONCORD MUSIC GROUP, INC., doing business as Jondora Music, COMBINE MUSIC CORP, SONY/ATV SONGS, LLC, LINDSEYANNE MUSIC CO., INC, THE MUSIC FORCE, EMI VIRGIN STORES, INC. doing business as EMI Longitude Music, EMI BLACKWOOD MUSIC, INC., EMI VIRGIN SONGS, INC., THE END OF MUSIC, LLC, doing business as The End of Music, SONY/ATV SONGS, LLC, doing business as Sony/ATV Tree Publishing, BIG YELLOW DOG, LLC, doing business as Big Yellow Dog Music, TOKECO TUNES, SONY/ATV SONGS, LLC, doing business as Sony/ATV Melody, JACKABOY SONGS,

Plaintiffs,

vs.                                          Case No. 2:11-cv-516-FtM-29DNF

ACS OF CAPE CORAL, INC., doing business as Anthony's on the Blvd., ANTHONY SERRAGO, individually,

Defendants.
_____

**ORDER**

This matter comes before the Court on plaintiffs' Motion for Final Default Judgment (Doc. #13) filed on April 30, 2012. No responses have been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

I.

On September 13, 2011, plaintiffs filed a Complaint (Doc. #1) against ACS of Cape Coral, Inc. d/b/a Anthony's On The Blvd (ACS) and Anthony Serrago (Serrago) (collectively defendants) alleging 12 incidents of willful copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*). After service of process and finding no response to the Complaint, plaintiffs sought a Clerk's default against defendants. (Docs. #10, #11.) On March 6, 2012, a Clerk's Entry of Default (Doc. #12) was entered. Therefore, all prerequisites for a default judgment have been met. See Fed. R. Civ. P. 55(a).

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted). Assuming all allegations are admitted, plaintiff Broadcast Music, Inc. (BMI or plaintiff) was granted the right to license the public performance of 6.5 million copyrighted musical compositions. The other plaintiffs are the

owners of the copyrights. Defendant ACS publicly performs musical compositions at the establishment known as Anthony's on the Blvd. ACS has a direct financial interest in the establishment. Serrago has the right and ability to supervise the activities of ACS and also has a direct financial interest in ACS and the establishment. Plaintiffs allege that defendants willfully publicly performed the musical compositions in BMI's repertoire without authorization. In the Complaint, plaintiffs seek an injunction restraining further performances, statutory damages, costs, and attorney's fees.

The Court finds that the allegations are sufficient and well pled for purposes of establishing a claim of copyright infringement of musical compositions.

## II.

Under Title 17, United States Code, Section 504, an infringer is liable for a copyright owner's actual damages or statutory damages. Plaintiff has elected to seek statutory damages, which allows for recover of not less than $750 or more than $30,000, as considered just. 17 U.S.C. § 504(c)(1). If wilfulness is found, the Court has the discretion to increase the award to a sum not more than $150,000.00. 17 U.S.C. § 504(c)(2). In this case, plaintiffs seek $3,000.00 for each of the twelve acts of infringement described in the Complaint for a total of $36,000.00.

In support, plaintiffs have filed the Declaration of Kerri Howland-Kruse (Doc. #13-1), Assistant Vice President (Legal) for

BMI, stating that the musical compositions licensed by BMI are registered with the Copyright Office, that BMI has the right to publicly perform the compositions and to issue public performance license agreements, and that BMI has been granted the right to maintain actions and seek damages for infringement. Also provided is the Declaration of Paul Knipler (Doc. #13-2), Senior Director (Business Affairs) of BMI, stating that prior to May 2010, BMI learned that the establishment was offering musical entertainment without a license and without permission. Mr. Knipler further states that on May 24, 2010, BMI sent a letter to the establishment advising of the need for a license and enclosing a license agreement, but no response was received. Mr. Knipler states that neither BMI nor the owners of the copyrights have issued a license to any person authorizing performances at the establishment. Mr. Knipler states that additional letters were sent and refused and others were sent with no response. On April 28, 2011, and again on May 11, 2011, BMI sent defendants a letter instructing them to cease the public performances. Mr. Knipler states that a BMI employee also called 62 times regarding licensing. Eventually, personnel went to the premises and recorded the infringing performances. On June 6, 2011, BMI sent a letter to the establishment with notice of the investigation with no response. Upon information and belief, defendants are still publicly performing music without an executed licensing agreement. The

estimated fees lost for June 2010 through May 31, 2012, are $4,665.60.

Upon review of the evidence presented and in light of defendants' default, the Court finds a willful violation by defendants of plaintiffs' copyrighted compositions. The Court will award the requested $36,000.00 for statutory damages.

### III.

Under Title 17, United States Code, Section 502, the Court may grant injunctions "as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Plaintiffs seek a permanent injunction against defendants enjoining and restraining defendants from infringing the copyrighted musical compositions licensed by BMI. The request will be granted.

### IV.

Under Title 17, United States Code, Section 505, the Court may allow the recovery of costs, including reasonable attorney's fees as part of the cost, to the prevailing party. Plaintiffs have provided the Declaration of Zachary D. Messa (Doc. #13-6) of Johnson, Pope, Bokor, Ruppel and Burns, LLP, an intellectual property lawyer who provided legal services to plaintiffs at the rate of $250.00 per hour.[1] Mr. Messa expended 5.9 hours of time on

---

[1] Mr. Messa indicates that the hourly rate is the customary and reasonable rate in the Tampa Bay area. The Tampa Bay are is not the prevailing relevant market, however the Court finds that the rate is also reasonable in Fort Myers, Florida.

the case, plus an additional 1.1 hours on the instant motion for a total of $1,750.00 in attorney's fees.  Plaintiffs also incurred the cost of the filing fee in the amount of $350.00.

The Court finds that the rate and the hours expended on this matter are reasonable.  Therefore, fees will be granted.  The costs are otherwise taxable and therefore will also be granted.

Accordingly, it is now

**ORDERED**:

1.  Plaintiffs' Motion for Final Default Judgment (Doc. #13) is **GRANTED** as follows:

A.  Defendants are hereby jointly and individually enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the BMI repertoire, including those owned by Plaintiffs, and from causing or permitting such compositions to be publicly performed at the establishment known as Anthony's On The Blvd, located in Cape Coral, Florida, or at any other facility owned, operated, or conducted by the Defendants, in whole or in part, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are being performed or by license from BMI pursuant to 17 U.S.C. § 502;

    B.   Plaintiffs are awarded statutory damages in the amount of $36,000.00 pursuant to 17 U.S.C. § 504(c); and

    C.   Plaintiffs are awarded **$3,069.08** for attorney's fees and $350.00 in costs incurred as prevailing parties pursuant to 17 U.S.C. § 505.

    2.   The Clerk shall enter judgment accordingly, terminate all deadlines as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of June, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-7-